

Allan A. Kassenoff
Tel. 212-801-2157
Fax 212-805-9407
bookbinderj@gtlaw.com

March 18, 2011

**VIA ECF**

Hon. Faith S. Hochberg, U.S.D.J.
United States District Court
District for New Jersey
U.S. P.O. & Courthouse Building
1 Federal Square
Newark, New Jersey 07101

Re:  *Glory Licensing LLC v. Toys "R" Us, Inc.*
     Civil Action No. 09-4252 (FSH)(MAS)

Dear Judge Hochberg:

    We represent the defendant, Toys "R" Us, Inc. ("TRU"), in the above-captioned matter. On October 13, 2010, TRU filed a motion to dismiss Glory Licensing LLC's ("Glory") complaint based upon the following two independent grounds: (a) the asserted claims are directed to abstract ideas and thus not patentable under 35 U.S.C. § 101; and (b) Glory has not, and cannot, allege that TRU practices each and every limitation of the asserted claims. As Your Honor may recall, Glory has filed several other lawsuits asserting infringement of the same patents at issue in this case, including a case against United Airlines, Inc. ("United")[1] pending in the Eastern District of New York. On March 15, 2011, the E.D.N.Y. granted United's motion to dismiss, finding that "the only theory of infringement alleged in the complaint requires multiple actors, (*i.e.*, [United] and a United customer to act as a 'user')." *Glory Licensing LLC. v. United Airlines, Inc.*, Civ. Action No. 09-CV-5569 (E.D.N.Y. March 15, 2011) (Summary Order) at 4. Accordingly, "in order to adequately plead direct infringement, Glory would have needed to allege that United controlled its customers, a dubious contention." (*Id.*) Because United's motion to dismiss was premised on the identical ground asserted by TRU in its motion to dismiss, TRU respectfully encloses a copy of the *United* Court's decision to assist the Court in deciding TRU's pending motion.

Respectfully,

Allan A. Kassenoff

Enclosures

cc:  Jean-Marc Zimmerman, Esq.

---

[1] Two of the three patents at issue in the pending action were asserted against United. Specifically, U.S. Patent Nos. 7,570,383 and 7,619,768 were asserted in the TRU and United cases while U.S. Patent No. 7,672,070 was only asserted against TRU.

NY 241,038,186v1